NEW YORK ELECTRICAL WORKERS' UNION et al. v. SULLIVAN et al.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

1. CORPORATIONS—MEMBERSHIP CORPORATIONS—MEETINGS—NOTICE.

Where the by-laws of a membership corporation contained no provisions requiring notice of any of the meetings, and it had not been the custom to send notice of regular meetings other than the annual meeting, an annual meeting held at the regular time and place was not illegal because held without notice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 734.]

2. SAME—MEETINGS—QUORUM.

The common-law rule that in a society composed of an indefinite number of persons a quorum, for the purpose of elections and voting on other questions requiring the sanction of the members, consists of those who assemble at any meeting regularly called and warned, although such number be a minority of the whole, does not apply to a membership corporation the by-laws of which attempt to provide a rule for the determination of the question of quorum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 744.]

3. SAME—STATUTES—CONSTRUCTION.

Where two by-laws of a membership corporation composed of an indefinite number of persons, providing for a quorum, were conflicting, a question of quorum should be determined by Membership Corporation Law, Laws 1895, p. 333, c. 559, art. 1, § 8, providing that a quorum should not be less than one-third of the members, or, if one-third be nine or more, it shall be not less than nine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 744.]

4. SAME—ORGANIZATION—ELECTION OF OFFICERS AND DIRECTORS—NOTICE.

Where a membership corporation consisting of an indefinite number of persons was placed in the hands of a receiver, and the receiver's report advised that all members in good standing on February 1, 1907, should be recognized as members on the termination of the receivership, and that notice of the annual meeting for the reorganization of the corporation and election of officers be given, and after the receivership proceedings were terminated a meeting was held, without notice, at which some members entitled to participate were denied that privilege, the election held at such meeting should be set aside, and a new election held after notice of the discharge of the receiver and of the holding of the meeting,

under General Corporation Law, Laws 1892, p. 1810, c. 687, § 27, authorizing the Supreme Court, on petition, to inquire concerning corporation elections and order a new election, or make such order or give such relief as right and justice may require, though neither the corporation's by-laws nor the order discharging the receiver provided for notice of meetings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 734.]

Appeal from Special Term.

Petition of the New York Electric Workers' Union and another against William J. Sullivan and others for an election of officers and directors of such organization and for other appropriate relief. From an order denying the application, petitioners appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Benjamin Patterson, for appellants.
William D. McNulty, for respondents.

CLARKE, J. The New York Electrical Workers' Union is a domestic corporation organized and existing under the provisions of the membership corporation law. An action was brought against said union by the people to remove divers officers by reason of misconduct and maladministration, and a judgment was entered therein on the 8th day of April, 1907, removing a majority of the officers, directing that their removal be reported to the Governor, and appointing a receiver, who took possession on the 8th of April, 1907. On the 13th of June, 1907, the Governor appointed the petitioner, Maurice R. Jarvis, president, and certain others to the various offices of the union. On the 28th of August, 1907, the receivership terminated and the receiver was discharged. The receiver's report advised that all members in good standing on the 1st day of February, 1907, should be recognized as such upon the termination of the receivership, and recommended that notice of the annual meeting to be held on the second Wednesday of September for the purpose of electing officers, as provided by the by-laws, should be given to all members who were in good standing on the 1st day of February, 1907. The petitioner alleges that there were 1,200 members in good standing; that there is a provision of the by-laws to the effect that no member shall receive a nomination unless he is present, or has sent a written acceptance of such nomination, and is also clear on the books for three months; that some 20 members of the union held a meeting on the 28th of August, the day of the discharge of the receiver, and nominated officers; that on the 11th of September, the annual meeting was held, some 20 members being present; that no notice was given to the members of the termination of the receivership, and that no notice was given, as recommended by the receiver, of the holding of the annual meeting; that 4 members were turned away and not allowed entrance to said meeting; and that it proceeded to elect officers for the year. It is alleged that no quorum was present, and therefore the petitioner prays for a new election of officers and directors and for such other relief as right and justice may require.

This proceeding is under section 27 of the general corporation law (chapter 35 of the General Laws as amended [Laws 1892, p. 1810, c. 687]) which provides that:

"The Supreme Court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation or any proceeding, act or matter touching the same, upon notice thereof to the adverse party, or to those to be affected thereby, forthwith and in a summary way, hear the affidavits, proofs and allegation of the parties, or otherwise inquire into the matters or causes of complaint and establish the election or order a new election, or make such order and give such relief as right and justice may require."

The by-laws of this corporation provide as follows: .

Article 3, § 1: "The regular meeting of this union shall be held on every Wednesday of each month, and at such time and place as the Union may direct."

Article 12, § 1: "All nominations for officers and standing committees to be elected at the annual meeting at the first meeting in September of each year, are to be made two weeks before such elections."

There is no provision in the by-laws requiring the giving of notice of meetings, either monthly or annual. It is conceded that, although the receiver reported that all the members should be given notice of the meeting for the election of officers, the order of the court confirming said report did not so require, and that no such notice was given. Article 3, § 5, of said by-laws, provides that:

"Twenty-five per cent. of the members in good standing shall constitute a quorum for the transaction of all business which does not involve the scale of wages or the appropriation of money."

Section 6:

"One hundred members in good standing shall constitute a quorum for the transaction of business involving the appropriation of money on the sinking fund. * * *"

Article 13, § 1, provides that:

"A quorum for meetings of the union shall consist of 10 per cent. of the membership in good standing."

Section 11 of the general corporation law (chapter 35 of the General Laws) provides that:

"Every corporation, as such, has power, though not specified in the law under which it is incorporated: * * * (5) To make by-laws, not inconsistent with any existing law, for the management of its property, the regulation of its affairs, * * * and the calling of meetings of its members."

Section 8 of article 1 of the membership corporation law (chapter 43 of the General Laws, Laws 1895, p. 333, c. 559) provides that:

"The by-laws of any such corporation may make provisions not inconsistent with law or with its certificate of incorporation regulating * * * the number of members, not less than one-third, or if one-third be nine or more, not less than nine, whose presence shall be necessary to constitute a quorum at its meetings. * * *"

There are two questions presented by this record:

First. That no notice of the annual meeting was sent to the members. It is not claimed that there is any provision of law requiring the sending of such notice. The by-laws provide for the annual meeting,

and the annual meeting was held at the regular meeting rooms of the union at the time fixed by the by-laws. There are no provisions in the by-laws for the sending of notices of any of the meetings. It is claimed that it had not been the custom to send notices of the regular monthly meetings, but it had been the custom to send notices of the annual meeting. It is further claimed that there was a patent necessity therefor in this case, because of the appointment of the receiver and his discharge a short time before the date of said meeting. Although under the circumstances of this case it would have been wise and proper to have followed the recommendation of the receiver and to have given notice of said meeting, the court failed to require it in its order, and, as the members of a corporation are held to be bound by its by-laws, I do not see how it can be held as strict matter of law that it was illegal to have held a meeting at the regular time and place without notice. It is not alleged that said meeting was held at any unusual time of day or in any foreign or unusual place.

Second. It is claimed that there was no legal quorum present. There are conflicting provisions in the by-laws. One by-law fixes the quorum at 10 per cent., and another at 25 per cent. of the membership. Neither is in strict accordance with the provisions of law, providing that the by-laws may fix the quorum at not less than one-third of the membership, or, if one-third be 9 or more, not less than 9. The petition alleges that there were about 1,200 members in good and regular standing at the time of the appointment of the receiver, and the receiver advised that all members in good and regular standing on the 1st day of February, 1907, should be recognized as such upon the termination of the receivership. There is no denial of said statement of fact as to the membership, and it is obvious that the 20 men present at the annual meeting did not constitute 10 per cent. or 25 per cent., as provided by either one of the by-laws fixing the quorum, or one-third, fixed by the membership corporation law, cited supra.

The respondents claim that as the two provisions of the by-laws are inconsistent, and as neither of them strictly conforms to the law, inasmuch as neither provides that "the quorum shall not be less than nine," no legal by-law has been made fixing the quorum, and that, therefore, resort must be had to the common-law rule, and the number of members present and voting at any regular meeting constituted a quorum, and a majority thereof was sufficient to transact business. The difficulty in applying that proposition is that this body was not a voluntary association, with no rules, constitution, or by-laws for its government, as was the case in Ostrom v. Greene, 20 Misc. Rep. 177, 45 N. Y. Supp. 852, where Mr. Justice Chester said:

"The society was composed of an indefinite number of members. There was no rule providing the number that should constitute a quorum, and in absence of such rule the members who attended the regular meetings held in accordance with the established custom constituted a quorum and were entitled to transact any business that fairly came within the purposes for which the association was formed. The fact that less than a majority of all the members appeared at any of these meetings was of no importance, because those who failed to attend impliedly gave their assent that those who did attend should by a majority vote transact the business of the association. These principles are supported by numerous authorities." Niblock .on Voluntary Societies

(1st Ed.) § 127; 2 Kent's Com. side page 293, subd. 298; Dillon on Municipal Corporations (4th Ed.) 277; Morawetz on Private Corp. § 76.

When this case reached the Court of Appeals (161 N. Y. 353, 55 N. E. 919), Judge Vann said:

"There is a marked difference between a voluntary association with rules and one without. * * * Even if a majority of all the members was necessary to constitute a quorum in order to lawfully transact business, which, in a society composed of an indefinite number of persons, is open to question, a minority could adjourn from time to time, and hence each meeting was regularly held. Field v. Field, 9 Wend. 403; Spelling on Private Corp. 374."

In 10 Cyc. p. 329, it is said: ·

"The rule of common law seems to be that, where a body is composed of an indefinite number of persons, a quorum for the purposes of elections and voting upon other questions which require the sanction of the members consists of those who assemble at any meeting regularly called and warned, although such number may be a minority of the whole, in which case a majority of those assembled may elect, unless there is a different rule established by statute or by a valid by-law."

I reach the conclusion that, as this is not a voluntary association, but a corporation organized under the membership corporation law of the state, we cannot invoke the common-law rule, and that if the by-laws in question are invalid by reason of their inconsistent and conflicting provisions, or, because there is no limitation therein contained, that at least 9 members are necessary to constitute a quorum, then we must be governed by section 8 of article 1 of the membership corporation law, of which the fair intendment is that a quorum should be not less than one-third of the members, unless specifically provided that, if one-third be 9 or more, it be not less than 9.

It should be noted that the statute (section 27 of the general corporation law) under which this application was made provides that the court "should establish the election or order a new election, or make such order and give such relief as right and justice may require." The learned court below dismissed the application. We think that under the circumstances disclosed in this record the application should not have been dismissed, but that, in view of the suspension of the duties and obligations of the members of the corporation while in the hands of the receiver, notice of the discharge of the receiver and of the meetings for the election of officers should have been required to have been given to all the members.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term, with instructions to enter an order setting aside the election and to order a new election upon notice to all the members who were such members on the 7th of February, 1907. All concur.